**Stephen H. Smith (Bar No. 101377)**
**YOKA & SMITH, LLP**
**777 South Figueroa Street, Suite 4200**
**Los Angeles, California  90017**
**Telephone: (213) 427-2300**
**Facsimile: (213) 427-2330**

**Shaun L Peck, Esq. (Utah Bar No. 7595)**
**Keely Schneiter (Utah Bar No. 10139)**
*Pro Hac Vice Counsel*
**BEARNSON & PECK, L.C.**
**399 N. Main Street, Suite 300**
**P.O. Box 675**
**Logan, Utah 84321**
**Telephone: (435) 787-9700**
**Facsimile: (435) 787-2455**

Attorneys for Defendant/Counterclaimant,
HARRIS RESEARCH, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYTEE PRODUCTS, INC., a California corporation,<br><br>Plaintiff,<br>-vs-<br>HARRIS RESEARCH, INC., a Utah corporation, and DOES 1 through 20,<br><br>Defendants.<br><br>AND RELATED CROSS ACTIONS | CASE NO.: 06-CV-1854 JLS<br><br>**MEMORANDUM IN SUPPORT OF HARRIS RESEARCH, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON MYTEE'S INEQUITABLE CONDUCT CLAIM OR DEFENSE** |

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................................ ii

**I. INTRODUCTION** ........................................................................................................................... 1

**II. UNDISPUTED FACTS** ................................................................................................................. 1

**III. DISCUSSION** ................................................................................................................................ 2

    A.    **Summary Judgment Standard** ......................................................................................... 2

    B.    **Mytee's Defense of Inequitable Conduct is Moot as to the '338 Patent** .................... 2

    C.    **Mytee has Failed to Produce Clear and Convincing Evidence of Inequitable Conduct** ............................................................................................................................... 3

        1.    **Strict enforcement of burden and standard of proof** ........................................ 3

        2.    **Deceptive intent prong** ............................................................................................ 4

        3.    **Materiality prong** .................................................................................................... 5

        4.    **The Court's discretion** ........................................................................................... 5

    D.    **Mytee Fails to Meet the Threshold Requirements of an Inequitable Conduct Defense for any Patent at Issue** ......................................................................................... 5

        1.    **The '338 Patent** ....................................................................................................... 5

        2.    **The '577 and '892 Patents** ..................................................................................... 6

**IV. CONCLUSION** .............................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).................................................................2

*Cargill, Inc. v. Canbra Foods, Ltd.*, 476 F.3d 1359 (Fed. Cir. 2007) ............................................3

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ..............................................................................2

*Digital Control, Inc. v. Charles Mach. Works*, 437 F.3d 1309 (Fed. Cir. 2006)............................3

*Eisai Co. Ltd. v. Dr. Reddy's Laboratories, Ltd.,* 533 F.3d 1353 (Fed. Cir. 2008)......................4, 5

*Ferring B.V.v. Barr Laboratories, Inc.*, 437 F.3d 1181 (Fed. Cir. 2006).........................................5

*GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268 (Fed. Cir. 2001)..........................................................4

*Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982 (Fed. Cir. 2007)....................5

*Impax Labs Inc.,v. Aventis Pharms. Inc.*, 468 F.3d 1366 (Fed. Cir. 2006) ......................................3

*Innogenetics, N.V. v. Abbott Labs.,* 512 F.3d 1363, 1378 (Fed. Cir. 2008)......................................5

*Kingdown Med. Consultants, Ltd. v. Hollister, Inc.,* 863 F.2d 867, 876 (Fed. Cir. 1986) ...............4

*Liebel – Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371 (Fed. Cir. 2007)........................................3

*M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.*, 439 F.3d 1335 (Fed. Cir. 2006) ...............6

*Molins PLC v. Textron, Inc.* 48 F.3d 1172 (Fed. Cir. 1995)............................................................4

*Morton Int'l, Inc. v. Cardinal Chem. Co.*, 967 F.2d 1571 (Fed. Cir. 1992) ....................................3

*Nordberg, Inc. v. Telsmith, Inc.*, 82 F.3d 394 (Fed. Cir. 1996) .......................................................5

*Scanner Techs. Corp. v. ICOS Vision Sys. Corp.*, 528 F.3d 1365 (Fed. Cir. 2008) .........................5

*Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357 (Fed. Cir. 2008)................3, 4, 5

*Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp.*, 351 F.3d 1139 (Fed. Cir. 2003) ........................3

**Rules**

37 C.F.R. § 1.56(b) ..........................................................................................................................5

Fed. R. Civ. P. 56............................................................................................................................1

Fed. R. Civ. P. 56(c) .......................................................................................................................2

Harris Research, Inc. ("Harris"), through counsel, submits the following memorandum in support of its Motion for Partial Summary Judgment on Mytee's Inequitable Conduct Claim or Defense pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## I. INTRODUCTION

Mytee's Complaint or Answer does not clearly set out a claim or defense of inequitable conduct. However, to the extent that any claim or defense of Mytee can be construed as the defense of inequitable conduct, Harris Research is entitled to summary judgment on such claims or defenses because Mytee has failed to produce evidence showing a genuine issue of material fact supporting this theory.

## II. UNDISPUTED FACTS

1. Fact discovery cutoff was October 16, 2008, by this Court's Order of September 9, 2008 (Dkt. No. 89).

2. Mytee has not produced evidence showing that Harris Research made an affirmative misrepresentation of material fact to the Patent and Trademark Office ("PTO").

3. Mytee has not produced evidence showing that Harris Research failed to disclose material information to the PTO.

4. Mytee has not produced evidence showing that Harris Research intended to deceive the PTO, or that Harris Research made a deliberate decision to withhold a known material reference.

5. Mytee has not produced evidence showing that Harris Research made a deliberate decision to withhold a known material reference from the PTO.

6. Mytee has not produced evidence showing that a reasonable patent examiner would consider any claimed omitted reference important in deciding whether to allow Harris Research's applications to issue as patents.

7. Mytee has not disclosed evidence showing that any material not provided to the PTO was not cumulative of information the PTO already had.

8. Mytee's patent expert, James Sakaguchi, did not perform prior art analysis for any reference other than the Rowan Patent with respect to the '338 Patent. (See Deposition of James

Sakaguchi attached hereto as Exhibit A at p.10 ln.5 thru p.11 ln.5, and p19 ln.1 thru p.23 ln.19). (See also James Sakaguchi Expert Report attached hereto as Exhibit B at p.23-24, ¶106-114).

9. James Sakaguchi, failed to perform prior art analysis for the Rowan or Harbeck references with respect to the '577 and '892 Patents, and testified in deposition that he was not planning on testifying concerning these references respecting the '577 and '892 patents. (See Exhibit A at pp.19-23 ln.19, and Exhibit B at p.19-22 ¶87-105).

10. Harris Research voluntarily dismissed its claims with respect to the '338 Patent on August 14, 2008. (Dkt. No. 81). Mytee did not oppose such dismissal.

11. Harris Research has offered to stipulate to invalidity of the '338 Patent in light of the Australian Rowan Patent disclosed during the course of this litigation.

### III. DISCUSSION

**A.  Summary Judgment Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Harris Research is entitled to summary judgment on Mytee's inequitable conduct claims and defenses because Mytee has "fail[ed] to make a showing sufficient to establish the existence of ... element[s] essential to [claims and defenses] on which [Mytee] will bear the burden of proof at trial." *Id*. at 322.

Mytee can only avoid summary judgment by presenting evidence sufficient to demonstrate that *genuine* issues of *material* fact exist regarding each element of its claims or defenses. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is only *genuine* "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

**B.  Mytee's Defense of Inequitable Conduct is Moot as to the '338 Patent**

"Inequitable conduct" is an affirmative defense to patent infringement. As such, this

defense is moot as to the '338 Patent because Harris Research voluntarily dismissed its claim that Mytee is infringing the '338 Patent. (Facts ¶ 10, Dkt. No. 81) *See, e.g., Liebel – Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371 (Fed. Cir. 2007); *Morton Int'l, Inc. v. Cardinal Chem. Co.*, 967 F.2d 1571 (Fed. Cir. 1992). This is especially true where Harris Research has offered to stipulate to invalidity of the '338 Patent in light of the Australian Rowan Patent revealed during the course of litigation. (Facts ¶11).

### C. Mytee has Failed to Produce Clear and Convincing Evidence of Inequitable Conduct

Application of the defense of inequitable conduct requires the proof of a number of elements and conditions by clear and convincing evidence. Mytee bears the burden of proving inequitable conduct. *See Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp.*, 351 F.3d 1139, 1146 (Fed. Cir. 2003).

To successfully prove inequitable conduct, Mytee is required to present "evidence that [Harris Research] (1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information, and (2) intended to deceive the [PTO]." *Cargill, Inc. v. Canbra Foods, Ltd.*, 476 F.3d 1359, 1363 (Fed. Cir. 2007) citing *Impax Labs., Inc.v. Aventis Pharms. Inc.*, 468 F.3d 1366 (Fed. Cir. 2006). At least a threshold level of each element—i.e., both materiality and intent to deceive—must be proven by clear and convincing evidence. *Id.*; *Digital Control Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1313 (Fed. Cir. 2006). Mytee has failed to produce evidence on either prong.

#### 1. Strict enforcement of burden and standard of proof

Courts examining the defense of inequitable conduct are required to strictly enforce both the burden of proof and elevated standard of proof. "The need to strictly enforce the burden of proof and elevated standard of proof in the inequitable conduct context is paramount because the penalty for inequitable conduct is so severe, the loss of the entire patent even where every claim clearly meets every requirement of patentability." *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1365-1366 (Fed. Cir. 2008). Additionally, the Court in *Star Scientific* explained:

> Courts must be vigilant in not permitting the defense to be applied too lightly. Just as it is inequitable to permit a patentee who obtained his patent through deliberate misrepresentations or omissions of material information to enforce the patent against others, it is also inequitable to strike down an entire patent where the patentee only committed minor missteps or acted with minimal culpability or in good faith.  As a result, courts must ensure that an accused infringer asserting inequitable conduct has met his burden on materiality and deceptive intent with clear and convincing evidence before exercising its discretion on whether to render a patent unenforceable.

*Id*. at 1366.

### 2. Deceptive intent prong

As to the deceptive intent prong, the Federal Circuit has "emphasized that 'materiality does not presume intent, which is a separate and essential component of inequitable conduct.'" *Id*., *quoting GFI, Inc. v. Franklin Corp*., 265 F.3d 1268, 1274 (Fed. Cir. 2001). Additionally,

> [T]he alleged conduct must not amount merely to the improper performance of, or omission of, an act one ought to have performed. Rather, clear and convincing evidence must prove that an applicant had the *specific intent* to . . . mislead[ ] or deceiv[e] the PTO. In a case involving nondisclosure of information, clear and convincing evidence must show that the applicant *made a deliberate decision* to withhold a *known* material reference.

*Id., quoting Molins PLC v. Textron, Inc.* 48 F.3d 1172, 1181 (Fed. Cir. 1995).

"To satisfy the 'intent' prong for unenforceability, 'the involved conduct, viewed in light of all the evidence, including evidence indicative of good faith, must indicate sufficient culpability to require a finding of intent to deceive.' *Eisai Co. Ltd. v. Dr. Reddy's Laboratories, Ltd.,* 533 F.3d 1353, 1360 (Fed. Cir. 2008), *quoting Kingdown Med. Consultants, Ltd. v. Hollister, Inc.,* 863 F.2d 867, 876 (Fed. Cir. 1986).

If intent is inferred from indirect and circumstantial evidence, "such evidence must still be clear and convincing, and inferences drawn from lesser evidence cannot satisfy the deceptive intent requirement." *Star Scientific,* 537 F.3d at 1366, *citing Ferring B.V.v. Barr Laboratories,*

*Inc.*, 437 F.3d 1181, 1186 (Fed. Cir. 2006). "Further, the inference must not only be based on sufficient evidence and be reasonable in light of that evidence, but it must also be the single most reasonable inference able to be drawn from the evidence to meet the clear and convincing standard." *Id.*, *citing Scanner Techs. Corp. v. ICOS Vision Sys. Corp.*, 528 F.3d 1365, 1376 (Fed. Cir. 2008) ("Whenever evidence proffered to show either materiality or intent is susceptible of multiple reasonable inferences, a district court clearly errs in overlooking one inference in favor of another equally reasonable inference.").

### 3.    Materiality prong

Materiality is defined as "what a reasonable examiner would have considered important in deciding whether to allow a patent application," *Eisai Co. Ltd.* 533 F.3d at 1360, *quoting Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1378 (Fed. Cir. 2008). "Information is not material if it is cumulative of other information already disclosed to the PTO." *Star Scientific*, 537 F.3d at 1367, *citing Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 1000 (Fed. Cir. 2007); 37 C.F.R. § 1.56(b).

### 4.    The Court's discretion

"If a threshold level of intent to deceive or materiality is not established by clear and convincing evidence, the district court does not have any discretion to exercise and cannot hold the patent unenforceable regardless of the relative equities or how it might balance them." *Star Scientific*, 537 F.3d at 1367, c*iting Nordberg, Inc. v. Telsmith, Inc.*, 82 F.3d 394, 398 (Fed. Cir. 1996) (holding that the district court properly refrained from balancing materiality and intent when a threshold showing of intent to deceive was not clearly and convincingly made).

## D.    Mytee Fails to Meet the Threshold Requirements of an Inequitable Conduct Defense for any Patent at Issue

### 1.    The '338 Patent

With respect to the '338 Patent, Mytee claims that Harris Research was aware of alleged prior art references and that Harris Research intentionally failed to disclose these references to the PTO. *See* Third Amended Complaint, ¶ 26-28 (Dkt. No. 91). However, Mytee has failed to produce evidence supporting these conclusory allegations. In sum, Mytee has failed to produce

evidence showing that Harris Research (1) "made an affirmative misrepresentation of material fact", or "that it failed to disclose material information, or submitted false material information", <u>and</u> (2) that Harris Research "intended to deceive the PTO."

Mytee has not produced evidence showing that Harris Research (1) submitted false material information to the PTO; (2) failed to disclose material information to the PTO; (3) deliberately intended to deceive the PTO; or (4) made a deliberate decision to withhold a known material reference from the PTO.  Further, Mytee has not disclosed evidence showing that any material it claims was not provided to the PTO was not cumulative of information the PTO already had, or that a reasonable patent examiner would consider any claimed omitted reference important in deciding whether to allow Harris Research's applications to issue as patents. (Facts ¶2-6).  Finally, Mytee has not shown that any inference it asks this Court to make is the only reasonable inference to be made.

Mytee  appears to believe that Harris Research had some duty to disclose the Rowan Patent after it was revealed in the course of this litigation. *See* Third Amended Complaint, ¶41 (Dkt. No. 91).  However, "the fact that information later found material was not disclosed cannot, by itself, satisfy the deceptive intent element of inequitable conduct." *Star Scientific*, 537 F.3d at 1366, *citing M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.*, 439 F.3d 1335, 1340 (Fed. Cir. 2006).  Rather, to prevail on the defense, the accused infringer must prove by clear and convincing evidence that the material information was withheld with the specific intent to deceive the PTO. *Id*.  Mytee has failed to produce any such evidence.

It is telling that Mytee's patent expert, James Sakaguchi, did not perform prior art analysis for any reference other than the Rowan Patent with respect to the '338 Patent, (Facts ¶17) despite Mytee's allegations in the Third Amended Complaint that Harris Research failed to disclose other "material references". (Third Amended Complaint ¶42, Dkt. No. 91).

**2.     The '577 and '892 Patents**

As to the '577 and '892 Patents, Mytee has similarly failed to meet even the threshold burden of proof.  As with the '338 Patent, Mytee claims that Harris Research had knowledge of

the Australian Rowan Patent "prior to filing the applications for the '577 Patent and the '892 Patent." (Third Amended Complaint ¶28, Dkt. No. 91).

Again, Mytee has failed to produce any evidence supporting its allegations. Additionally, Mytee's patent expert, Mr. Sakaguchi, failed to perform prior art analysis for the Rowan reference with respect to the '577 and '892 Patents, and testified in deposition that he was not planning on testifying concerning this reference respecting these patents. (Facts ¶9).

Also, Mytee asserts that Harris Research became aware of prior art (the Harbeck reference) during the maintenance period of the '577 and '892 Patents, and implies that Harris Research then had a duty to disclose such reference to the PTO even though the patents had already issued in the United States. (Third Amended Complaint, ¶ 30, Dkt. No. 91). However, Harris Research is unaware of any such duty. While there is a duty of disclosure to the PTO prior to issuance of a patent, counsel is aware of no law requiring disclosure of art discovered after a patent issues.

Finally, Mytee claims that Harris Research became aware of a prior art reference (Harbeck) during an application for Canadian patents. (Third Amended Complaint, ¶ 30, Dkt. No. 91). However, has failed to show how the application of Canadian law relates to the determination of prior art in the case at bar, or that Harris Research was aware of the details or basis for any such rejection, or how such rejection provides proof of any of the elements set forth above for the defense of inequitable conduct. Finally, Mr. Sakaguchi failed to perform prior art analysis under Canadian or United States law with respect to the Harbeck reference.

Once again, Mytee has failed to produce evidence showing that Harris Research (1) submitted false material information to the PTO; (2) failed to disclose material information to the PTO; (3) deliberately intended to deceive the PTO; or (4) made a deliberate decision to withhold a known material reference from the PTO. Further, Mytee has not disclosed evidence showing that any material it claims was not provided to the PTO was not cumulative of information the PTO already had, or that a reasonable patent examiner would consider any claimed omitted reference important in deciding whether to allow Harris Research's applications to issue as patents . (Facts ¶2-6). Finally, Mytee has not shown that any inference it asks this Court to make

is the only reasonable inference to be made. For these reasons, Harris Research is entitled to partial summary judgment on any claim or defense of inequitable conduct Mytee may be deemed to have stated.

## IV. CONCLUSION

Mytee has failed to show that there is a genuine issue of material fact as to its claim or defense of inequitable conduct. For these reasons, Harris Research respectfully requests that this Court grant its Motion for Partial Summary Judgment on Mytee's Inequitable Conduct Claims or Defenses.

DATED: February 27, 2009.  Respectfully submitted:

BEARNSON & PECK, L.C.


BY:  s/ Shaun L Peck

SHAUN L PECK

*speck@bplaw.biz*

KEELY SCHNEITER

Attorneys for Defendant/Counterclaimant,

HARRIS RESEARCH, INC.

# PROOF OF SERVICE

STATE OF UTAH, COUNTY OF <u>CACHE</u>

I am employed in the County of Cache, State of Utah. I am over the age of 18 and not a party to the within action; my business address is BEARNSON & PECK, L.C., 399 N. Main Street, Suite 300, Logan, Utah 84321.  On February 27, 2009, I served the foregoing document(s) **MEMORANDUM IN SUPPORT OF HARRIS RESEARCH, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON MYTEE'S INEQUITABLE CONDUCT CLAIM OR DEFENSE**

[ ]    (BY ELECTRONIC MAIL) by electronic mail to the attorney(s) listed below.

[ X ]    (BY MAIL)    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Logan, Utah addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one working day after the date of deposit for mailing in this declaration.

[ X ]    (BY UPLOAD)  by forwarding this document to the *Southern District Court's Federal Judiciary M/ECF* to be uploaded, posted and served electronically.

[ ]    (OVERNITE EXPRESS) by placing the document(s) listed above in a sealed overnight envelope and depositing it for overnight delivery at Logan, Utah, addressed as set forth below. I am readily familiar with the practice of this firm for collection and processing of correspondence for processing by overnight mail. Pursuant to this practice, correspondence would be deposited in the overnight box located at 399 N. Main Street, Suite 300, Logan, Utah 84321 in the ordinary course of business on the date of this declaration.

[ ]    (FACSIMILE) by placing the document(s) listed above through the facsimile machine on that same day in the ordinary course of business located at 399 N. Main Street, Suite 300, Logan, Utah.

1  [ ]   by personally delivery the documents (s) listed above to the person(s) at the address(es) set forth
2        below.
3                                      Fred K. Taylor
4                              Procopio Cory Hargreaves & Savitch
5                                   530 "B" Street, Suite 2100
6                                    San Diego, CA 92101-4469
7  [X]   (STATE)  I declare under penalty of perjury under the laws of the State of Utah that the foregoing
8            is true and correct.
9
   Executed on February 27, 2009, at Logan, Utah.
10

                                                    _s/ Shaun L Peck_____
                                                    *Shaun L Peck*

10                                                                    Case No.: 06-CV-1854 L