1  Anthony J. Dain (Bar No. 98947)
   Frederick K. Taylor (Bar No. 159838)
2  Lisel M. Ferguson  (Bar No. 207637)
   PROCOPIO, CORY, HARGREAVES
3  & SAVITCH LLP
   530 B Street, Suite 2100
4  San Diego, California 92101
   Telephone:     (619) 238-1900
5  Facsimile:     (619) 235-0398

6  Attorneys for Plaintiff and Counter-Defendant
   MYTEE PRODUCTS, INC.
7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| 10 | MYTEE PRODUCTS, INC., | Case No. 06-CV-1854 L |
|----|----|----|
| 11 | | **MYTEE PRODUCTS INC.'S MEMORANDUM OF CONTENTIONS OF** |
| 12 | Plaintiff, | **FACT AND LAW** **[Local Rule 16.1 (f)(2) & (3)]** |
| 13 | | |
| 14 | v. | Trial Date:    Oct. 13, 2009 Time:          9:00 a.m. Ctrm.:         E |
| 15 | HARRIS RESEARCH, INC., | Judge:         Hon.  Cathy Ann Bencivengo |
| 16 | | |
| 17 | Defendant. | |
| 18 | AND RELATED COUNTERCLAIMS. | |

19
20
21
22
23
24
25
26
27
28

---

MYTEE'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Case No. 06-1854 L

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................ii

I. STATEMENT UNDER LOCAL RULE 16.1 (f)(4)(**e**) ............................................ 1

II. CONTENTS OF FACT ....................................................................................... 3

    A.    The '577 Patent. ........................................................................................ 3

    B.    Facts Related To Non-Infringement of the '577 Patent. ........................... 3

    C.    Facts Related to Anticipation of the '577 Patent. ..................................... 4

    D.    The '892 Patent. ........................................................................................ 5

    E.    Facts Related to Non-Infringement of the '892 Patent. ............................ 5

    F.    Facts Related to Anticipation of the '892 Patent. ..................................... 6

    G.    Facts Related To Willful Infringement. .................................................... 7

    H.    Facts Related To Damages. ....................................................................... 7

III. CONTENTIONS OF LAW ................................................................................. 7

    A.    Mytee Does Not Infringe The Asserted Claims Of The Patents at Issue. .............. 7

        1.    Elements. ........................................................................................ 7

        2.    Doctrine of Equivalents. ................................................................. 7

        3.    Prosecution Disclaimer. .................................................................. 9

    B.    Expert Testimony Is Not Necessary As the Vacuum Technology Here Is Simple and Easily Discernable. ............................................................... 10

    C.    The Claims Of The '577 and '892 Patents Are Anticipated Under 35 U.S.C. § 102. ........................................................................................... 10

        1.    Elements. ...................................................................................... 10

    D.    Mytee Does Not Infringe The Asserted Claims Under The Reverse Doctrine Of Equivalents. ........................................................................ 12

        1.    Elements. ...................................................................................... 12

    E.    Mytee Is Not A Willful Infringer. .......................................................... 12

        1.    Elements. ...................................................................................... 12

    F.    HRI's Damages, If Any, Are Limited to A Reasonable Royalty. ........................ 13

        1.    Elements. ...................................................................................... 13

    G.    ABANDONED ISSUES ......................................................................... 15

IV. CONCLUSION .................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*American Hoist & Derrick Co. v. Sowa & Sons, Inc.*
   725 F.2d 1350 (Fed. Cir. 1984), *cert denied*, 469 U.S. 821 ................................... 11

*American Permahedge, Inc. v. Barcana, Inc.*
   105 F.3d 1441 (Fed. Cir. 1997) ................................................................. 9

*AT&T Corp. v. Excel Communications, Inc.*
   52 USPQ2d 1865 (D. Del. 1999) ............................................................... 10

*Athletic Alternatives v. Prince Mfg.*
   73 F.3d 1573 (Fed. Cir. 1996) .................................................................. 8

*Chore-Time Equipment, Inc. v. Cumberland Corp.*
   713 F.2d 774 (Fed. Cir., 1983) ................................................................. 9

*CVI/Beta Ventures v. Tura LP*
   112 F.3d 1146, 1161 (Fed. Cir. 1997) ......................................................... 7

*Delta-X v. BakerHuges Prd. Tools, Inc. v. Baker Hughes Production Tools, Inc.*
   984 F.2d 410 (Fed. Cir. 1993) ................................................................. 12

*EWP Corp. v. Reliance Universal, Inc.*
   755 F.2d 898 (Fed. Cir. 1985) ................................................................. 11

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*
   535 U.S. 722 (2002) ............................................................................ 9

*FMC Corp. v. Hennessy Industries, Inc.*
   2 U.S.P.Q.2d 1479 (N.D. Ill 1986), *aff'd*, 386 F.2d 521 (Fed. Cir. 1988) ............... 11

*Georgia-Pacific Corp. v. United States Plywood Corp.*
   318 F.Supp. 1116 (S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2nd Cir. 1971),
   *cert. denied*, 404 U.S. 870 (1971) ................................................... 6, 13, 14

*Glaverbel Societe Anonyme v. Northlake Marketing & Supply, Inc.*
   45 F.3d 1550 (Fed. Cir. 1995) ................................................................. 10

*Graver Tank & Mfg. Co. v. Linde Air Prod. Co.*
   339 US 605 (1950) .......................................................................... 7, 11

*Hazeltine Research, Inc. v. Brenner*
   382 U.S. 252 (1965) ........................................................................... 11

*Helifix Ltd. v. Blok-Lok, Ltd.*
   208 F.3d 1339 (Fed. Cir. 2000) ................................................................ 10

MYTEE'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

*Hilgraeve Corp. v. McAfee Associates, Inc.*
   224 F.3d 1349 (Fed. Cir. 2000) ........................................................................ 8

*In re Donohue*
   766 F.2d 531 (Fed. Cir. 1985) ........................................................................ 10

*In re Epstein*
   32 F.3d 1559 (Fed. Cir. 1994) ........................................................................ 10

*In re Seagate Technology, LLC*
   497 F.3d 1360 (Fed. Cir. 2007) (en banc) .................................................. 11, 12

*Inc. v. Multimedia Patent Trust*
   2007 U.S. Dist. LEXIS 95934 (S.D. Cal. 2007) .............................................. 12

*K-2 Corp. v. Salomon S.A.*
   *191 F.3d 1356* (Fed. Cir. 1999) ...................................................................... 8

*Kalman v. Kimberly-Clark Corp.*
   713 F.2d 760 (Fed. Cir. 1983) ........................................................................ 10

*Knapp v. Morss*
   150 U.S. 221 (1893) ...................................................................................... 10

*Laitram Corp. v. NEC Corp.*
   115 F.3d 947 (Fed. Cir. 1997), *on remand*, 44 USPQ2d 1286 (E.D. La. 1997), *rev'd*,
   163 F.3d 1342 (Fed. Cir. 1998) ...................................................................... 12

*Mannesmann Demag Corp. v. Engineering Metal Products Co.*
   *793 F.2d 1279 (Fed. Cir. 1986)* ...................................................................... 7

*Modine Manufacturing Co. v. Allen Group, Inc.*
   917 F.2d 538 (Fed. Cir. 1990) ........................................................................ 13

*Omega Eng'g, Inc. v. Raytek Corp.*
   334 F.3d 1314 (Fed. Cir. 2003) ........................................................................ 8

*Procter & Gamble Co. v. Paragon Trade Brands, Inc.*
   989 F.Supp. 547 (D. Del. 1997) ...................................................................... 13

*Read Corp. v. Portec, Inc.*
   970 F.2d 816 (Fed. Cir. 1992) ........................................................................ 13

*SciMed Life Systems v. Advanced Cardiovascular Systems*
   242 F.3d 1337 (Fed. Cir. 2001) ..................................................................... 7, 8

*SRI International v. Matsushita Electric Corp.*
   591 F.Supp. 464 (N.D. CA. 1984) .................................................................. 11

*Structural Rubber Products Co. v. Park Rubber Co.*
   749 F.2d 707 (Fed. Cir. 1984) ........................................................................ 10

iii

*Telemac Cellular Corp. v. Topp Telecom, Inc.*
    247 F.3d 1316 (Fed. Cir. 2001) ........................................................... 10

*Ultradent Products, Inc. v. Life-Like Cosmetics, Inc.*
    127 F.3d 1065 (Fed. Cir. 1997) ........................................................... 11

*Union Carbide Corp. v. American Can Co.*
    724 F.2d 1567, 220 USPQ 584 (Fed.Cir.1984) ..................................... 9

*Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*
    520 U.S. 17 (1997) .......................................................................... 7, 8

*Wilson Sporting Goods Co. v. David Geoffrey & Assoc.*
    904 F.2d 677 (Fed. Cir. 1990) ............................................................. 8


FEDERAL STATUTES

15 U.S.C.
    § 2 ................................................................................................... 14

35 U.S.C.
    § 102 .................................................................................................. 9
    § 102(e) ............................................................................................ 11
    § 284 ................................................................................................ 13
    § 285 ...................................................................................... 1, 2, 7, 14


OTHER AUTHORITIES

Local Rule
    16.1(f)(2) ........................................................................................... 1
    16.1(f)(3) ........................................................................................... 1
    16.1(f)(4)(e) ....................................................................................... 1

MYTEE'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Case No. 06-1854 L

111989/000002/1087272.02

Pursuant to Local Rule 16.1(f)(2) and (3), and the Court's Scheduling Order dated June 19, 2009, Plaintiff and Counter-Defendant MYTEE PRODUCTS, INC. ("Mytee") respectfully submits the following Memorandum Of Contentions Of Fact And Law:

**I.**

## STATEMENT UNDER LOCAL RULE 16.1 (F)(4)(E)

Mytee asserts that two patents owned by Harris Research, Inc. ("HRI"), U.S. Patent Nos. 6,298,577 ("the '577 Patent") and 6,266,892 ("the '892 Patent") are invalid and that Mytee's Banana glide products ("Banana Glides") do not infringe those patents.   HARRIS RESEARCH, INC., ("HRI") has counterclaimed for infringement of the '577 and '892 Patents.

Mytee also asserted that U.S. Patent No. 6,981,338 ("the '338 Patent") is invalid and that the Banana Glides do not infringe the '338 Patent.  HRI originally asserted claims of copy right infringement as to the '338 Patent, but later dismissed that claim based upon the anticipating prior art reference, Australian Patent No. AU68696 ("Rowan").  HRI subsequently dedicated the '338 Patent to the public.  Mytee asserts that HRI's patent infringement claim constitutes an exceptional case for which attorneys' fees may be awarded pursuant to 35 U.S.C. § 285.

Trial is scheduled to begin on October 13, 2009.  A copy of Mytee's Witness List is attached as Exhibit "1."  A copy of Mytee's Exhibit List is attached as Exhibit "2."  Mytee reserves the right to supplement or amend its witness and exhibit lists through and including the time of trial.  Mytee also reserves the right to supplement or amend its contentions of fact and law and to present additional contentions and evidence regarding any claim or defense raised by either party to this action.

The Court construed disputed claim terms of the '577 Patent and the '892 Patent in a Markman Hearing held on April 17, 2008.  [Doc. No. 70.]  In the Court's June 18, 2009, Order Regarding the Parties' Cross Motions for Summary Judgment of Invalidity [Doc. No. 144], the Court further construed the term "extraction nozzles" as "a tube or duct through which fluid is pulled out."  [Doc. No. 144, p. 5: 11-12]

### Asserted Claims

HRI originally asserted that Mytee infringed the following claims of the '577 Patent in its

1

Supplemental Disclosure of Asserted Claims and Preliminary Infringement Contentions:  1-6, 10-14, 19-20 and 28-29.  In its Final Disclosure of Asserted Claims and Infringement Contentions, HRI asserts claims 5, 10-11, 13 and 28.

HRI originally asserted that Mytee infringed the following claims of the '892 Patent in its Supplemental Disclosure of Asserted Claims and Preliminary Infringement Contentions:  1-4, 7-9, 12-17, 18-20 and 23.  In its Final Disclosure of Asserted Claims and Infringement Contentions, HRI asserts claims 1, 9 and 17.

HRI originally asserted that Mytee infringed the following claims of the '338 Patent in its Supplemental Disclosure of Asserted Claims and Preliminary Infringement Contentions:  1, 4-7, 10-11, 15 and 19.   HRI is no longer asserting any claims of the '338 Patent.

**Mytee's Contentions**

Mytee contends that the Banana Glides do not infringe the asserted patent claims of the '577 and '892 Patents.  Further, Mytee contends that the asserted claims are invalid as anticipated by prior art.

Claims 5, 10, 11, 13, and 28 of the '577 patent teach a vacuum head device consisting of a base plate with barriers which are configured to force liquid toward apertures.  Said apertures are required to be at the bottom of the base plate.  The Banana Glides do not have barriers.  Also, the Banana Glides do not have apertures as that term is construed.  Lastly, the structures identified as "apertures" by HRI are not located at the bottom of the base plate.

Claims 1, 9, and 17 of the '892 patent teach a vacuum head device consisting of a base plate with a tapering cross-section configured to penetrate a carpeted surface.  The Banana Glides are not configured to penetrate into a carpeted surface as required by those claims of the '892 patent; the Banana Glides are specifically designed to glide along the surface of the carpet.  The Banana Glides do not have "apertures" as that term is construed.

Additionally, the asserted claims of the '577 and '892 Patents are anticipated by the prior art listed herein.

Lastly, Mytee contends that its Banana Glides do not infringe the '338 Patent.  Further, the assertion of the '338 Patent constitutes an exceptional matter under 15 U.S.C. § 285.

2

## II.

## CONTENTIONS OF FACT

**A.    The '577 Patent.**

1.    The inventor for the '577 Patent, entitled "Device for Enhancing Removal of Liquid From Fabric," is Dan Haynie, with an assignment to Concept Cleaning Systems.   The priority date for the '577 Patent is July 19, 1999.

2.    On April 17, 2008,  [Doc. No. 70.], this Court issued its Claim Construction Order for the '577 Patent, and on June 18, 2009, the Court augmented its Claim Construction in its Order on Cross Motions for Summary Judgment on Invalidity  [Doc. No. 144].

**B.    Facts Related To Non-Infringement of the '577 Patent.**

1.    Mytee's Banana Glides do not infringe, literally or by application of the doctrine of equivalents, claims 5, 10, 11, 13 or 28 of the '577 Patent.

2.    Claims 5, 10, 11, 13 and 28 of the '577 Patent contain several common elements. Two of those common elements require: (1) a barrier as a means for forcing liquid toward apertures and; (2) apertures which form liquid extraction nozzles.  Mytee's Banana Glides do not infringe those claims, either literally or under the doctrine of equivalents, because these glides do not contain those common elements.  None of the Banana Glides contain a barrier for forcing liquid toward apertures.  The portions of the Banana Glides which HRI purports to be "barriers" function solely for the creation of airflow.  Additionally, as to the second common element of the asserted claims, the apertures in the Banana Glides do not form liquid "extraction nozzles" as that term is further defined by the Court.  Lastly, the apertures on the Banana Glides do not have the qualities or characteristics of a "tube" or a "duct."

3.    The Banana Glide products do not infringe claims 10, 11, 13 and 28 of the '577 patent, literally or under the doctrine of equivalents, because they do not include a plurality of apertures, formed in the *bottom* of the baseplate.  The apertures of the Banana Glides are disposed above the bottom of the baseplate, not in the bottom.  Specifically, the apertures of the Banana Glides are not in contact with the working surface such as carpet or fabric.

MYTEE'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Case No. 06-1854 L

111989/000002/1087272.02

**C.      Facts Related to Anticipation of the '577 Patent.**

1.      HRI claims a priority date for the inventions claimed in the '577 Patent of July 19, 1999.

2.      U.S. Patent 2,219,802 issued to G.E. Bjorkman ("Bjorkman") was issued by the U.S. Patent and Trademark Office ("PTO") on October 29, 1940.  Bjorkman anticipates claims 5, 10, 11, 13 and 28 of the '577 Patent.  Bjorkman, at Figures 7 and 8, discloses a device 14 which can inherently be used to extract liquid from a fabric and discloses base/body 14 with bottom lips 15 (FIG. 3) configured to face and contact the fabric.  It discloses ports/apertures 50 forming extraction nozzles.  The front/rear lips 15 (Figures 3, 7 and 8) of Bjorkman also disclose at least one barrier on bottom of base which would direct liquid toward the extraction nozzles.  Either barrier of Bjorkman is disposed behind the plurality of apertures 50 depending upon the direction of travel of the device.

3.      U.S. Patent 5,280,666 issued to Wood et al. ("Wood") was issued by the PTO on January 25, 1994.  Wood anticipates claims 5, 10, 11, 13 and 28 of the '577 Patent.  Wood at Figures 2, 3, 4 and 6 disclose a squeegee base member 22 and includes a plurality of apertures 44, 46 (FIG. 4) forming liquid extraction nozzles.  Wood also discloses a barrier which forces liquid toward the apertures 42 (FIGS. 4, 6), 8A (FIG. 6), which is attached to a bottom of squeegee base member 22.

4.      U.S. Patent 4,095,309 issued to Sundheim ("Sundheim") was issued by the PTO on June 20, 1978.  Sundheim anticipates claims 5, 10, 11, 13 and 28 of the '577 Patent.  Sundheim, at Figures 1, 24 and 25, discloses a device for enhancing removal of liquid from fabric.  Figures 1, 24 and 25 show a base plate having one or more apertures 17 forming an extraction nozzle; as shown in Figures 24 and 25, the aperture 17 includes an angled surface for forcing liquid into apertures 17.

5.      U.S. Patent 5,067,199 issued to Alazet ("Alazet") was issued by the PTO on November 26, 1991.  Alazet anticipates claims 5, 10, 11, 13 and 28 of the '577 Patent.  Alazet, at Figures 1, 4, 5 and 6, discloses a squeegee base 1 and having a plurality of apertures 7 forming extraction nozzles, and liquid forcing means 8 (FIG. 4), 8A (FIG. 6) attached to a bottom of

1   squeegee base 1.

2        6.      Mytee reserves the right to assert additional prior art references in response to any

3   disclosure of asserted claims and infringement contentions made in accordance with Patent Local

4   Rule 3.6.

5   **D.      The '892 Patent.**

6        1.      The inventor for the '892 Patent, entitled "Device for Enhancing Removal of

7   Liquid From Fabric," is Dan Haynie, with an assignment to Concept Cleaning Systems.   The

8   '892 Patent claims a priority date of July 19, 1999.

9        2.      On April 17, 2008.  [Doc. No. 70.], this Court issued its Claim Construction Order

10  for the '892 Patent, and on June 18, 2009, the Court augmented its Claim Construction in its

11  Order on Cross Motions for Summary Judgment on Invalidity  [Doc. No. 144].

12  **E.      Facts Related to Non-Infringement of the '892 Patent.**

13       1.      Mytee's Banana Glides do not infringe, literally or by application of the doctrine

14  of equivalents, claims 1, 9 or 17 of the '892 Patent.

15       2.      Claims 1, 9 or 17 of the '892 Patent contain several common elements.  Two of

16  those common elements require the vacuum device to have: (1) a tapering cross section with a

17  wider upper end and a narrower lower end and; (2) that cross section must be configured to

18  penetrate into a carpeted surface.  Mytee's Banana Glides do not infringe those claims, either

19  literally or under the doctrine of equivalents, because these glides do not contain those common

20  elements.   Specifically, the Banana Glides have a rounded cross-section rather than a tapering

21  cross-section.  Further, the Banana Glides are not configured to penetrate into a carpeted surface;

22  rather they are designed to glide across the top of a carpeted surface.  Lastly, the Banana Glides

23  do not contain "apertures" as that term is further defined by the Court's June 18, 2009 order.

24  [Doc. No. 144]

25       3.      Claim 17 further requires that the plurality of apertures be formed at the lower end

26  of the device.  The Banana Glides do not infringe Claim 17 because its apertures are formed

27  above the lower end of the device.

28

MYTEE'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Case No. 06-1854 L

**F.       Facts Related to Anticipation of the '892 Patent.**

1.       The '892 Patent is a continuation-in-part of the '577 Patent.

2.       HRI claims a priority date for the inventions claimed in the '892 Patent of July 19, 1999.

3.       U.S. Patent 2,219,802 issued to G.E. Bjorkman ("Bjorkman") was issued by the PTO on October 29, 1940.  Bjorkman anticipates claims 1, 7 and 19 of the '892 Patent.  The base plate of Bjorkman has a plurality of apertures formed in a linear array.  The base plate also has a tapering cross section such that the upper end is wider and the lower end which is moved on the carpeted surface is narrower (Figure 7).  The width between the outside surface of the two barriers at the upper end is greater than the width between the outside surface of the two barriers at the lower end.  The lower end 56 has a reduced surface area due to the taper which is well-suited to penetrate a carpeted surface.

4.       Further, Bjorkman discloses a plurality of apertures formed in the lower end of the baseplate in anticipation of Claim 17 of the '892 Patent.

5.       U.S. Patent 5,067,199 issued to Alazet ("Alazet") was issued by the PTO on November 26, 1991.  Alazet anticipates claims 1, 7 and 19 of the '892 Patent.  Alazet, at Figures 1, 4, 5 and 6, discloses a squeegee base 1 and having a plurality of apertures 7 forming extraction nozzles, and tapering cross section with a wider upper end and narrower lower end 8 (FIG. 4), 8A (FIG. 6).  Alazet also discloses apertures formed at the bottom of the base plate.

6.       U.S. Patent 4,334,336 issued to Harbeck et al. ("Harbeck") was issued by the PTO on June 15, 1982.  Harbeck anticipates claims 1, 7 and 19 of the '892 Patent. Harbeck discloses a surface cleaning vacuum nozzle having a base plate (Figure 1) with a wider upper end 10 and narrower lower end which is suitable to penetrate a fabric surface.  The device has a plurality of apertures 12 formed at the bottom of the base plate.

7.       Mytee reserves the right to assert additional prior art references in response to any disclosure of asserted claims and infringement contentions made in accordance with Patent Local Rule 3.6.

MYTEE'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Case No. 06-1854 L

111989/000002/1087272.02

**G.     Facts Related To Willful Infringement.**

1.     Mytee has asserted meritorious and good faith defenses to the assertion of patent infringement and to the validity and enforceability of the '577 and '892 Patents.

**H.     Facts Related To Damages.**

1.     HRI does not commercially compete with Mytee.

2.     HRI does not manufacture or sell any products to Mytee's customers.

3.     HRI does not have an established royalty rate for products produced pursuant to the '577 Patent or the '892 Patent.

4.     HRI does not claim damages based on lost profits.

5.     HRI does not claim damages based on an established royalty rate.

6.     If it is determined that Mytee's accused devices infringe the '577 Patent or the '892 Patent, HRI's damages for infringement are limited to a reasonable royalty.

7.     A reasonable royalty based on the *Georgia-Pacific* factors due to infringement of Mytee's Banana Glides is a fully paid-up royalty of $25,000.

8.     Mytee seeks its attorneys' fees and costs pursuant to 35 U.S.C. § 285 as well as other appropriate remedies based on HRI's commencement and continued prosecution of this case in light of the facts and law discussed herein.

**III.**

**CONTENTIONS OF LAW**

**A.     Mytee Does Not Infringe The Asserted Claims Of The Patents at Issue.**

1.     Elements.

A patent holder must prove infringement by showing that an accused product contains each and every feature or "limitation" listed in one of its patent claims.   *See, Mannesmann Demag Corp. v. Engineering Metal Products Co., 793 F.2d 1279, 1282 (Fed. Cir. 1986).*   Thus, infringement must be shown to be literal, or alternatively, by the doctrine of equivalents.   *Id; Graver Tank & Mgf. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608-610 (1950).

2.     Doctrine of Equivalents.

The patentee has the burden to establish infringement under the doctrine of equivalents by

7

the preponderance of the evidence. E.g., *CVI/Beta Ventures v. Tura LP*, 112 F.3d 1146, 1161 (Fed. Cir. 1997).  Under the doctrine of equivalents, a product or process that does not literally infringe on the express terms of a patent claim nonetheless may be found to infringe if there is "equivalence" between the elements of the allegedly infringing product or process and the claimed elements of the patented invention.  *Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 21 (1997).  Each element of a claim is material in defining the scope of the patent. *Id*. at 29.  The doctrine of equivalents, therefore, is applied to "individual elements of the claim, not the invention as a whole."  *Id*.  The doctrine cannot be allowed such broad play as to "effectively eliminate that element in its entirety."  *Id*.  "[T]he doctrine of equivalents cannot be employed in a manner that wholly vitiates a claim limitation." *SciMed Life Systems v. Advanced Cardiovascular Systems*, 242 F.3d 1337, 1346 (Fed. Cir. 2001).

As the Federal Circuit has found repeatedly, the doctrine of equivalents is not "a license to ignore or 'erase ... structural and functional limitations of the claim,' limitations 'on which the public is entitled to rely in avoiding infringement.'" *Athletic Alternatives v. Prince Mfg.*, 73 F.3d 1573, 1581-82 (Fed. Cir. 1996).  To the contrary, when applying the doctrine, "the text of the claim must be closely followed." *K-2 Corp. v. Salomon S.A., 191 F.3d 1356*, 1367 (Fed. Cir. 1999).  "Each element contained in a patent is deemed material to defining the scope of the patented invention, and thus the doctrine of equivalents must be applied to individual elements of the claim, not the invention as a whole."  *Warner-Jenkinson*, 520 U.S. at 29.

A major limitation on the doctrine is that the prior art acts as a limitation on the scope of what is considered an equivalent.  A patentee cannot use the doctrine of equivalents to obtain coverage that it could not have obtained from the Patent and Trademark Office as literal claims because the prior art would have precluded those claims. See, e.g., *Wilson Sporting Goods Co. v. David Geoffrey & Assoc.*, 904 F.2d 677, 683-84 (Fed. Cir. 1990).  If the claim, by application of the doctrine of equivalents, would reach not only the accused device or product, but also a device or product in the prior art, then that application of the doctrine of equivalents is barred.  *Id*.

Similarly, a patentee cannot invoke the doctrine of equivalents to embrace a prior art structure or device that was excluded from the claims, whether expressly or by implication.

MYTEE'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Case No. 06-1854 L

111989/000002/1087272.02

*SciMed*, 242 F.3d at 1345.  "[B]y defining the claim in a way that clearly excluded certain subject matter, the patent implicitly disclaimed the subject matter that was excluded and thereby barred the patentee from asserting infringement under the doctrine of equivalents."  *Id*. at 1346.

> ### 3.   Prosecution Disclaimer.

The doctrine of prosecution disclaimer bars a patentee from recapturing, through claim construction, claim coverage disavowed during prosecution in order to obtain a patent.  *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1324 (Fed. Cir. 2003) ["As a basic principle of claim interpretation, prosecution disclaimer promotes the public notice function of the intrinsic evidence and protects the public's reliance on definitive statements made during prosecution"]; *Hilgraeve Corp. v. McAfee Associates, Inc.*, 224 F.3d 1349, 1355 (Fed. Cir. 2000) ["A surrender of subject matter during patent prosecution may preclude recapturing any part of that subject matter, even if it is equivalent to the matter expressly claimed . . . .  In other words, prosecution history estoppel bars recapture of subject matter surrendered during prosecution"].

Thus, when a patentee responds to a rejection by the PTO by narrowing his claims, this prosecution history estops him from later attempting to recapture the subject matter that was given up or arguing that the subject matter covered by the original, broader claim was nothing more than an equivalent.  *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 726, 736-737 (2002).  When the patentee has chosen to narrow a claim, courts may presume the amended text was composed with awareness of this rule and that the territory surrendered is not an equivalent of the territory claimed.  *Id.*, at 741.  Prosecution history estoppel is not limited to the claims with respect to which the applicant's statements were made.  Rather, clear assertions made during prosecution in support of patentability, whether or not actually required to secure allowance, may create an estoppel.  *American Permahedge, Inc. v. Barcana, Inc.*, 105 F.3d 1441, 1446 (Fed. Cir. 1997).  In the context of literal infringement, it is well settled that identical claim terms used in different claims must be interpreted consistently.  Similarly, under the doctrine of equivalents, courts see no reason to assign different ranges of equivalents for the identical term used in different claims in the same patent, absent an unmistakable indication to the contrary.  *Id.*

**B.    Expert Testimony Is Not Necessary As the Vacuum Technology Here Is Simple and Easily Discernable.**

The parties may use expert and non-expert testimony where the subject matter of the patent and its prior art references are simple and easily discernable, expert testimony is not required.  *Chore-Time Equipment, Inc. v. Cumberland Corp.*, 713 F.2d 774, 779 (Fed. Cir., 1983); *Union Carbide Corp. v. American Can Co.*, 724 F.2d 1567, 1571, 220 USPQ 584, 587 (Fed.Cir.1984).  Specifically, expert testimony is not necessary on the question of validity when the scope and content of the prior art are easily discernable from the patent drawings and written specifications.  *Chore-Time* at 779.

**C.    The Claims Of The '577 and '892 Patents Are Anticipated Under 35 U.S.C. § 102.**

1.    <u>Elements.</u>

In evaluating claims of anticipation, courts apply the same legal test for infringement. First, the claims must be properly construed to determine their scope and meaning.  Second, the claims as properly construed must be compared to the accused device or process.  This rule is frequently explained as follows: "[t]hat which will infringe, if later, will anticipate, if earlier." *Knapp v. Morss,* 150 U.S. 221, 228 (1893).  Anticipation does not require that a reference "teach" what the subject patent teaches.  *Kalman v. Kimberly-Clark Corp.,* 713 F.2d 760, 772 (Fed. Cir. 1983).  Anticipation requires that all the elements of an invention as stated in a patent claim be described or embodied, either expressly or inherently, in a single prior art reference.  *Glaverbel Societe Anonyme v. Northlake Marketing & Supply, Inc.,* 45 F.3d 1550, 1554 (Fed. Cir. 1995). This "single source" rule does not preclude the use of extrinsic evidence to show what a reference's disclosure means to one of ordinary skill in the art.  *See, e.g., Telemac Cellular Corp. v. Topp Telecom, Inc.,* 247 F.3d 1316, 1328 (Fed. Cir. 2001) ["recourse to extrinsic evidence is proper to determine whether a feature, while not explicitly discussed, is necessarily present in a reference"]; *see, In re Epstein*, 32 F.3d 1559, 1567-68 (Fed. Cir. 1994) ["the parties' arguments focus upon whether the later-published abstracts make enabling disclosures.  These arguments are misdirected ….  it is the software products, not the abstracts, that are the prior art"].  Thus, additional references can be used to explain the meaning of an allegedly anticipating reference or

device.

Similarly, the "single source" rule does not prohibit a finding of anticipation where a missing claim element is within the knowledge of one of ordinary skill in the art. A reference that does not expressly disclose in words one or more elements of a patent's claim is nevertheless anticipating if a person of ordinary skill in the art would understand the reference as disclosing the missing element (or elements) and if such a person could have combined the reference's description of the invention with his own knowledge to make the claimed invention. *See, In re Donohue,* 766 F.2d 531, 533 (Fed. Cir. 1985)*; Helifix Ltd. v. Blok-Lok, Ltd.,* 208 F.3d 1339, 1347 (Fed. Cir. 2000); *AT&T Corp. v. Excel Communications, Inc.,* 52 USPQ2d 1865, 1880 (D. Del. 1999). A reference need not state the elements of a claim in identical language to anticipate. *Structural Rubber Products Co. v. Park Rubber Co.,* 749 F.2d 707, 715-716 (Fed. Cir. 1984). In determining anticipation, the court must not limit a reference's disclosure to its preferred embodiment or fail to take into account the reference's incorporation by reference of other material. *Ultradent Products, Inc. v. Life-Like Cosmetics, Inc.,* 127 F.3d 1065, 1069 (Fed. Cir. 1997). All matter described in an issued United States patent is fully effective as a reference for purposes of anticipation and obviousness as of the date when the application for that patent was filed. *35 U.S.C. § 102(e)*; *Hazeltine Research, Inc. v. Brenner,* 382 U.S. 252, 255-56 (1965).

Although issued patents are presumed valid and must be found invalid by clear and convincing evidence, the presumption of validity is not conclusive. In particular, where a prior art reference is not cited to the PTO during the patent's prosecution, the moving party may more easily carry its burden. *EWP Corp. v. Reliance Universal, Inc.,* 755 F.2d 898, 905 (Fed. Cir. 1985). Prior art not before the PTO may so clearly invalidate a patent that the burden is fully sustained merely by proving its existence and applying the proper law. *American Hoist & Derrick Co. v. Sowa & Sons, Inc.,* 725 F.2d 1350, 1359-60 (Fed. Cir. 1984), *cert denied*, 469 U.S. 821.

MYTEE'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Case No. 06-1854 L

111989/000002/1087272.02

**D.      Mytee Does Not Infringe The Asserted Claims Under The Reverse Doctrine Of Equivalents.**

1.      Elements.

An accused product that falls within literal words of a claim may nevertheless not infringe if the product "is so far changed in principle from [the] Patented Article that it performs the same or a similar function in a substantially different way."  *Graver Tank & Mfg. Co. v. Linde Air Prod. Co.,* 339 US 605, 608-609 (1950).   "It is fundamental that the language of patent claims cannot be stretched to include products and processes essentially unlike those described by the patent."  *SRI International v. Matsushita Electric Corp.,* 591 F.Supp. 464, 471 (N.D. CA. 1984).  A defendant need not concede literal infringement in order to argue the reverse doctrine of equivalents.  *FMC Corp. v. Hennessy Industries, Inc.,* 2 U.S.P.Q.2d 1479, 1488 (N.D. Ill 1986), *aff'd,* 386 F.2d 521 (Fed. Cir. 1988).

**E.      Mytee Is Not A Willful Infringer.**

1.      Elements.

In 2007, the Federal Circuit set a new, higher standard for plaintiffs by replacing the previous willful infringement inquiry with a requirement of "objective recklessness."  *In re Seagate Technology, LLC*, 497 F.3d 1360, 1368-72 (Fed. Cir. 2007) (en banc).  Proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness. *Id.* at 1371.  This involves a two-step analysis.  First, the patentee must meet a threshold inquiry by showing "by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," without consider the accused infringer's state of mind.  *Id.*  Upon passing this threshold, "the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer."  *Id.*  The court also emphasized that there is no longer an affirmative duty of care and "no affirmative obligation to obtain opinion of counsel."  *Id.*  A willfulness charge asserted in the original complaint must necessarily be grounded exclusively in the infringer's pre-filing conduct.  *Id.* at 1374.  In contrast, when an infringer's post-filing conduct is reckless, a

MYTEE'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Case No. 06-1854 L

111989/000002/1087272.02

1  patentee can move for a preliminary injunction to combat post-filing willful infringement.  Thus,

2  a patentee that does not try to stop an infringer's activities by seeking a preliminary injunction

3  should not be allowed to accrue enhanced damages.  *Id.*  An infringer's objective likelihood of

4  success regarding the validity, enforceability, or infringement of an asserted patent is sufficient to

5  avoid a charge of willfulness based on post-filing conduct.  *See, Id.* at 1371, 1374; *Lucent*

6  *technologies, Inc. v. Multimedia Patent Trust*, 2007 U.S. Dist. LEXIS 95934, *12-*13 (S.D. Cal.

7  2007).

8       Even under the former willfulness standard enhanced damages are not proper where the

9  infringer mounts a good faith and substantial challenge to the existence of infringement or

10  validity.  *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 955 (Fed. Cir. 1997), *on remand*, 44

11  USPQ2d 1286 (E.D. La. 1997), *rev'd*, 163 F.3d 1342 (Fed. Cir. 1998) ["The district Court

12  properly considered whether [the infringer] had presented a good faith defense against willfulness

13  and a substantial challenge to infringement. . . .  It found the issues close.  We detect neither clear

14  error in those findings nor an abuse of discretion in the consequential refusal to enhance

15  damages"]; *Delta-X v. BakerHuges Prd. Tools, Inc. v. Baker Hughes Production Tools, Inc.*, 984

16  F.2d 410, 413 (Fed. Cir. 1993) ["Enhanced damages are punitive, not compensatory . . . .

17  Therefore, an infringer may avoid enhanced damages with [a] meritorious good faith defense and

18  a substantial challenge to infringement"].  Even a finding of willful infringement does not

19  mandate that damages be enhanced, much less mandate treble damages.  *Read Corp. v. Portec,*

20  *Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992); *Modine Manufacturing Co. v. Allen Group, Inc.*, 917

21  F.2d 538, 543 (Fed. Cir. 1990).

22  **F.     HRI's Damages, If Any, Are Limited to A Reasonable Royalty.**

23           1.     Elements.

24       A patent owner may recover as a measure of damages a reasonable royalty when the

25  patent owner cannot prove lost profits or an established royalty.  *Procter & Gamble Co. v.*

26  *Paragon Trade Brands, Inc.*, 989 F.Supp. 547, 600 (D. Del. 1997); *see, 35 U.S.C. § 284*.  In

27  *Georgia-Pacific* the district court for the Southern District of New York listed fifteen factors that

28  courts consider in determining a reasonable royalty, including: (1) the royalties received by the

patentee for the licensing of the patent in suit; (2) the rates paid by the licensee for the use of other patents comparable to the patent in suit; (3) the nature and scope of the license, as exclusive or non-exclusive, or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold; (4) the licensor's established policy and marketing program to maintain his patent monopoly by not licensing others; (5) the commercial relationship between the licensor and licensee; (6) the effect of selling the patented specialty in promoting sales of other products of the licensee, the existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales; (7) the duration of the patent and the term of the license; (8) the established profitability of the product made under the patent, its commercial success, and its current popularity; (9) the utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results; (10) the nature of the patented invention, the character of the commercial embodiment of it as owned and produced by the licensor, and the benefits to those who have used the invention; (11) the extent to which the infringer has made use of the invention; and any evidence probative of the value of that use; (12) the portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions; (13) the portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer; (14) the opinion testimony of qualified experts; and (15) the amount that a licensor and a licensee would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee -- who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention -- would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.  *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2nd Cir. 1971), *cert. denied*, 404 U.S. 870 (1971).

**G.     ABANDONED ISSUES**

Mytee has abandoned the following issues raised in the pleadings:  Its Third Claim for Relief (Unenforceability Due to Patent Misuse) and Fourth Claim for Relief (Federal Antitrust 15 U.S.C. § 2).  Additionally, Mytee abandons those claims and defenses adjudicated against it by the Court in its June 18, 2009 Order, [Doc. No. 144] and its June 19, 2009 Order [Doc. No. 145].

**IV.**

**<u>CONCLUSION</u>**

For the reasons set forth above, Mytee respectfully requests that the Court enter an Order as follows:

1.     Dismissing HRI's complaint in its entirety, with prejudice;

2.     Entering judgment in favor of Mytee and against HRI;

3.     Declaring that Mytee has not infringed, and is not infringing, the '577 or 892 Patents;

4.     Declaring that the '577 and 892 Patents are invalid;

5.     Awarding Mytee its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285;

6.     Granting such further relief as is just and proper.

Respectfully submitted,


DATED:  August 31, 2009                    PROCOPIO CORY HARGREAVES
                                           & SAVITCH LLP



By:  /s/ Frederick K. Taylor
   Anthony J. Dain
   Frederick K. Taylor
   Lisel M. Ferguson
   Attorneys for Plaintiff and Cross-Defendant,
   MYTEE PRODUCTS INC.,
   a California corporation

**EXHIBIT 1**

1  Anthony J. Dain (Bar No. 98947)
   Frederick K. Taylor (Bar No. 159838)
2  Lisel M. Ferguson (Bar No. 207637)
   PROCOPIO, CORY, HARGREAVES
3       & SAVITCH LLP
   530 B Street, Suite 2100
4  San Diego, California 92101-4469
   Telephone:     (619) 238-1900
5  Facsimile:     (619) 235-0398

6
   Attorneys for Plaintiff and Cross-Defendant,
7  MYTEE PRODUCTS, INC.
   a Delaware corporation
8

9
                IN THE UNITED STATES DISTRICT COURT
10            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

12 MYTEE PRODUCTS, INC., a California          Case No.  06-CV-1854 L (CAB)
   corporation,
13                                             **PLAINTIFF / CROSS DEFENDANT
                 Plaintiff,                    MYTEE PRODUCTS, INC.'S WITNESS
14                                             LIST**
   v.
15
   HARRIS RESEARCH, INC., a Utah
16 corporation, and DOES 1 through 20,

17               Defendants.

18 HARRIS RESEARCH, INC.

19               Cross-Complainant,

20 v.

21 MYTEE PRODUCTS, INC., and
   ROES 1 through 20, inclusive,
22
23               Cross-Defendants.

24

25

26

27

28

111989/000002/1090210.01

Pursuant to Rule 26(a)(3)(a) of the Federal Rules of Civil Procedure and Civil L.R. 16.1(f)(2)(d), Mytee Products, Inc. ("Mytee") submits the following list of prospective trial witnesses. Mytee reserves the right to amend its witness list to add additional percipient or expert witnesses otherwise permitted by applicable rules.

**1.    WITNESSES MYTEE EXPECTS TO CALL**

| No. | Witness Name | Contact Information | Brief Narrative Statement of Expert's Qualifications | Objections |
|-----|--------------|---------------------|------------------------------------------------------|------------|
| 1. | John Labarbera, Percipient and Expert | Via Counsel: Frederick K. Taylor, Esq. (619) 238-1900 | Mr. Labarbera has experience in product design, product performance and testing, product history and engineering for Mytee's products. He is expected to testify as to issues of device performance, prior art and non-infringement. He is also expected to testify as to the field of invention and as to ordinary skill in the art of the subject field. | |
| 2. | Edward Durrant, Percipient | Via Counsel: Shaun L. Peck, Esq. (435)787-9700 | | |
| 3. | Dale S. Jensen, Percipient | Via Counsel: Shaun L. Peck, Esq. (435)787-9700 | | |
| 4. | Dan Haynie, Percipient | North Logan, UT 84321 | | |
| 5. | James Sakaguchi, | 3496 Paseo Ancho | Mr. Sakaguchi is a licensed patent | |

| | | | | |
|---|---|---|---|---|
| 1 | | Expert | Carlsbad, CA 92009 | attorney. Mr. Sakaguchi is expected to testify with respect to: patent claims and defenses, prior art, anticipation, other issues of invalidity, and non-infringement. | |
| 6. | Frederick Thompson, Expert | 116 Buckeye Court Youngsville, NC 27596 | Mr. Thompson has extensive experience in the field of carpet cleaning and carpet cleaning devices. Mr. Thompson is expected to testify as to the field of invention and as to ordinary skill in the art of the subject field. | |
| 7. | Jonathan Richards | Workman Nydegger Intellectual Property Attorneys 1000 Eagle Gate Tower 60 East South Temple Salt Lake City, UT 84111 (801) 321-8877 | Mr. Richards is a registered patent attorney. Mr. Richards is expected to testify as to patent claims and defenses including prior art, infringement, and anticipation. | |
| 8. | Willie Krawitz, Percipient | Via Counsel: Frederick K. Taylor, Esq. (619) 238-1900 | | |
| 9. | Jeffrey Lyden, Percipient | GreenGlides 18630 Collier Avenue, Suite L Lake Elsinore, CA 92530 | | |
| 10. | Lisa Smith, Percipient | GreenGlides | | |

| | | | | |
|---|---|---|---|---|
| | | 18630 Collier Avenue, Suite L Lake Elsinore, CA 92530 | | |
| 11. | Craig Donaldson, Percipient | Via Counsel: Shaun L. Peck, Esq. (435)787-9700 | | |
| 12. | Nathan Pepper, Percipient | Via Counsel: Frederick K. Taylor, Esq. (619) 238-1900 | | |

MYTEE PRODUCTS, INC.'S WITNESS LIST

Case No. 06-CV-1854 L

**EXHIBIT 2**

**Mytee Products, Inc. v. Harris Research, Inc.**
**USDC California, Southern District: 06CV1854 (CAB)**
**PLAINTIFF'S TRIAL EXHIBIT LIST**

| EX NO | DATE IDENTIFIED | DATE IDENTIFIED | DESCRIPTION |
|-------|-----------------|-----------------|-------------|
| 0001 | | | 00/00/0000  Patent Prosecution History for U.S. Patent No. 6,298,577 [ - ] |
| 0002 | | | 00/00/0000  Patent Prosecution History for U.S. Patent No. 6,266,892 [ - ] |
| 0003 | | | 00/00/0000  Patent Prosecution History for U.S. Patent No. 6,981,338 [ - ] |
| 0004 | | | 00/00/0000  Canadian Patent File History for Patent No. 2,379,771 [MYTEE000236 - MYTEE000302] |
| 0005 | | | 00/00/0000  Australian Patent no. AU-B-68696/94 (Rowan) "Extraction Devices for Cleaning Equipment" [MYTEE000308 - MYTEE000328] |
| 0006 | | | 00/00/0000  European Patent file history re Application no. PCT/US0019513 by Concept Cleaning Systems, Inc. [MYTEE000329 - MYTEE000430] |
| 0007 | | | 10/29/1940  US Patent 2,219,802 (Bjorkman) for Suction Nozzle [MYTEE000001 - MYTEE000006] |
| 0008 | | | 01/20/1978  US Patent 4,095,309 (Sundheim) for Apparatus for Cleaning a Carpet [MYTEE000028 - MYTEE000047] |
| 0009 | | | 00/00/0000  US Patent 4,677,705 (Schuster) for Exhauster Nozzle [MYTEE000062 - MYTEE000066] |
| 0010 | | | 11/26/1991  US Patent 5,067,199 (Alazet) for Suction Device with a Squeegee for Eliminating Dirty Water While Cleaning Certain Surfaces [MYTEE000067 - MYTEE000073] |
| 0011 | | | 00/00/0000  US Patent 5,280,666 (Wood) for Squeegee Apparatus for a Vacuum Cleaner System [MYTEE000086 - MYTEE000098] |
| 0012 | | | 07/11/2003  Letter from  Ed Durrant to Mike Starkweather re Patent Idea to research [HARRIS1409 - HARRIS1411] |
| 0013 | | | 03/20/2002  Royalty Agreement between Robert Harris and Harris Research, Inc. [HD002834 - HD002845] |

GROUNDS FOR OBJECTION

1. No Objection; Admissibilty Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence
5. Inadmissible Opinion

6. Insufficient Foundation, Relevancy, Personal Knowledge, Authenticity
7. Unduly Time Consuming, Prejudicial, Confusing or Misleading
8. Subsequent Repair
9. Other (specify)

**Mytee Products, Inc. v. Harris Research, Inc.**
**USDC California, Southern District: 06CV1854 (CAB)**
**PLAINTIFF'S TRIAL EXHIBIT LIST**

| EX NO | DATE IDENTIFIED | DATE IDENTIFIED | DESCRIPTION |
|-------|-----------------|-----------------|-------------|
| | | | |
| 0014 | | | 00/00/0000  Harris Research, Inc. - Consolidated Financial Statements for Jan. 31, 2005, 2004 and 2003 [HD003417 - HD003435] |
| 0015 | | | 00/00/0000  Harris Research, Inc. - Consolidated Financial Statements for Jan. 31, 2003, 2002 and 2001 [HD003436 - HD003453] |
| 0016 | | | 00/00/0000  The Home Depot - Chang Intellectual Property - Patent Overview [HD008286 - HD008287] |
| 0017 | | | 02/01/2000  "Piccolo" Royalty to Dan Haynie Quarter Ended December 31, 1999 with canceled check #3470 in the amount of $2000.00 [HARRIS0795 - HARRIS0803] |
| 0018 | | | 00/00/0000  Literature re "Standard Test Method for Measuring Air Performance Characteristics of Vacuum Cleaners" [HARRIS0824 - HARRIS0836] |
| 0019 | | | 00/00/0000  Literature re "Standard Test Method for Measuring Air Performance Characteristics of Central and Vacuum Cleaning Systems" [HARRIS0837 - HARRIS0849] |
| 0020 | | | 05/28/1999  Contract for Assignment of Rights to "Piccolo" Invention between Dan Haynie and Concept Cleaning Systems, Inc. [HARRIS1107 - HARRIS1115] |
| 0021 | | | 12/11/2006  Letter from Michael Starkweather to Dale Jensen re Infringement Opinion with respect to the MYTEE product [HARRIS1302 - HARRIS1408] |
| 0022 | | | 00/00/0000  Production Metal Forming (PMF) Mailer Advertisement re upholstery tools and curtain tools [MYTEE000119 - MYTEE000121] |
| 0023 | | | 04/12/2007  Mytee Products, Inc. Inventory Sales History Report (2005-2007) for glide, 12" with groove [MYTEE000127 - MYTEE000127] |
| 0024 | | | 04/12/2007  Mytee Products, Inc. Inventory Sales History Report (2005-2007) for glide, 17.5" (tracker) [MYTEE000128 - MYTEE000128] |
| | | | |

GROUNDS FOR OBJECTION

1. No Objection; Admissibilty Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence
5. Inadmissible Opinion

6. Insufficient Foundation, Relevancy, Personal Knowledge, Authenticity
7. Unduly Time Consuming, Prejudicial, Confusing or Misleading
8. Subsequent Repair
9. Other (specify)

**Mytee Products, Inc. v. Harris Research, Inc.**
**USDC California, Southern District: 06CV1854 (CAB)**
**PLAINTIFF'S TRIAL EXHIBIT LIST**

| EX NO | DATE IDENTIFIED | DATE IDENTIFIED | DESCRIPTION |
|-------|-----------------|-----------------|-------------|
| 0025 | | | 04/12/2007  Mytee Products, Inc. Inventory Sales History Report (2005-2007) for glide, 4.45" (spinmaster, rx) [MYTEE000129 - MYTEE000130] |
| 0026 | | | 04/12/2007  Mytee Products, Inc. Inventory Sales History Report (2005-2007) for glide, 10" with groove [MYTEE000131 - MYTEE000131] |
| 0027 | | | 04/12/2007  Mytee Products, Inc. Inventory Sales History Report (2005-2007) for glider, 14" (prochem titanium) [MYTEE000132 - MYTEE000132] |
| 0028 | | | 04/12/2007  Mytee Products, Inc. Inventory Sales History Report (2005-2007) for glider, 12" (hydramaster, pmf) [MYTEE000133 - MYTEE000133] |
| 0029 | | | 04/12/2007  Mytee Products, Inc. Inventory Sales History Report (2005-2007) for E.Z.Glider wand, 12", dual jet [MYTEE000134 - MYTEE000135] |
| 0030 | | | 04/12/2007  Mytee Products, Inc. Inventory Sales History Report (2005-2007) for EZ Glider wand 12" [MYTEE000136 - MYTEE000136] |
| 0031 | | | 04/12/2007  Mytee Products, Inc. Inventory Sales History Report (2005-2007) for E.Z.Glider 2-Piece wand 9" [MYTEE000137 - MYTEE000137] |
| 0032 | | | 04/12/2007  Mytee Products, Inc. Inventory Sales History Report (2005-2007) for E.Z. Glider 12" single jet wand [MYTEE000138 - MYTEE000138] |
| 0033 | | | 04/12/2007  Mytee Products, Inc. Inventory Sales History Report (2005-2007) for E.Z.Glider 12" dual jet wand [MYTEE000139 - MYTEE000142] |
| 0034 | | | 00/00/0000  Mytee Advertisement on Tradewind Airmovers - "Reduce Dry Times" [MYTEE000152 - MYTEE000152] |
| 0035 | | | 00/00/0000  Mytee Advertisement on Tunnel-Ram Air Induction - "Banana Nation" [MYTEE000153 - MYTEE000153] |
| | | | |

GROUNDS FOR OBJECTION

1. No Objection; Admissibilty Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence
5. Inadmissible Opinion

6. Insufficient Foundation, Relevancy, Personal Knowledge, Authenticity
7. Unduly Time Consuming, Prejudicial, Confusing or Misleading
8. Subsequent Repair
9. Other (specify)

**Mytee Products, Inc. v. Harris Research, Inc.**
**USDC California, Southern District: 06CV1854 (CAB)**
**PLAINTIFF'S TRIAL EXHIBIT LIST**

| EX NO | DATE IDENTIFIED | DATE IDENTIFIED | DESCRIPTION |
|-------|-----------------|-----------------|-------------|
| 0036 | | | 00/00/0000  Mytee Advertisement on New 2007 Products: Battery Sprayer, Flood Extractor, Banana Gliders and Spinmaster [MYTEE000154 - MYTEE000154] |
| 0037 | | | 00/00/0000  Mytee Advertisement on Hild Spinmaster [MYTEE000155 - MYTEE000155] |
| 0038 | | | 00/00/0000  Mytee Advertisement on Banana Gliders 12" Mytee Wand [MYTEE000156 - MYTEE000156] |
| 0039 | | | 00/00/0000  Mytee Advertisement on Banana Gliders Rotary Extractor [MYTEE000157 - MYTEE000157] |
| 0040 | | | 00/00/0000  Mytee Advertisement on Banana Gliders 10" Mytee Wand [MYTEE000158 - MYTEE000158] |
| 0041 | | | 00/00/0000  Mytee Advertisement on Banana Gliders 14" Titanium Wand [MYTEE000159 - MYTEE000159] |
| 0042 | | | 00/00/0000  Mytee Advertisement on Banana Gliders 12" PMF Wand [MYTEE000160 - MYTEE000160] |
| 0043 | | | 00/00/0000  Color Photo of Banana Gliders Rotary Extractor (H933) [MYTEE000161 - MYTEE000161] |
| 0044 | | | 00/00/0000  Product Sample for Banana Gliders Rotary Extractor (H933) [ - ] |
| 0045 | | | 00/00/0000  Color Photo of 10" Banana Glider for Mytee Wand (H934) [MYTEE000162 - MYTEE000162] |
| 0046 | | | 00/00/0000  Product Sample for 10" Banana Glider for Mytee Wand (H934) [ - ] |
| 0047 | | | 00/00/0000  Color Photo of 12" Banana Glider for PMF Wand (H965) [MYTEE000163 - MYTEE000163] |
| 0048 | | | 00/00/0000  Product Sample for 12" Banana Glider for PMF Wand (H965) [ - ] |
| 0049 | | | 00/00/0000  Color Photo of 12" Banana Glider for Mytee Wand (H931) [MYTEE000164 - MYTEE000164] |

GROUNDS FOR OBJECTION

1. No Objection; Admissibilty Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence
5. Inadmissible Opinion

6. Insufficient Foundation, Relevancy, Personal Knowledge, Authenticity
7. Unduly Time Consuming, Prejudicial, Confusing or Misleading
8. Subsequent Repair
9. Other (specify)

**Mytee Products, Inc. v. Harris Research, Inc.**
**USDC California, Southern District: 06CV1854 (CAB)**
**PLAINTIFF'S TRIAL EXHIBIT LIST**

| EX NO | DATE IDENTIFIED | DATE IDENTIFIED | DESCRIPTION |
|---|---|---|---|
| 0050 | | | 00/00/0000  Product Sample for 12" Banana Glider for Mytee Wand (H931)<br>[ - ] |
| 0051 | | | 00/00/0000  Color Photo of 14" Banana Glider for Titanium Wand (H964)<br>[MYTEE000165 - MYTEE000165] |
| 0052 | | | 00/00/0000  Product Sample for 14" Banana Glider for Titanium Wand (H964)<br>[ - ] |
| 0053 | | | 00/00/0000  Color Photo of Banana Gliders<br>[MYTEE000166 - MYTEE000166] |
| 0054 | | | 04/21/2006  Mytee Products Drawing re glider, 12 inch<br>[MYTEE000167 - MYTEE000167] |
| 0055 | | | 05/01/2006  Mytee Products Drawing re glider, 4.45 inches<br>[MYTEE000168 - MYTEE000168] |
| 0056 | | | 04/21/2006  Mytee Products Drawing re glider, 10 inch<br>[MYTEE000169 - MYTEE000169] |
| 0057 | | | 00/00/0000  Airmax Label<br>[MYTEE000229 - MYTEE000229] |
| 0058 | | | 00/00/0000  Article from The Carpet Cleaner titled "A New Wand"<br>[MYTEE000232 - MYTEE000232] |
| 0059 | | | 00/00/0000  Case History Report for Canadian Patent/Application<br>[MYTEE000233 - MYTEE000235] |
| 0060 | | | 06/07/1999  Assignment of Invention (Piccolo Invention)<br>[HARRIS0202 - HARRIS0203] |
| 0061 | | | 05/28/1999  Contract for Assignment of Rights to Piccolo Invention<br>[HARRIS0204 - HARRIS0212] |
| 0062 | | | 12/04/1998  Fast-Track and Velda HCU product information and testing<br>[HARRIS0557 - HARRIS0563] |
| 0063 | | | 06/23/1999  Side by Side Testing PowerHead/Fast Track<br>[HARRIS0592 - HARRIS0604] |

GROUNDS FOR OBJECTION

1. No Objection; Admissibilty Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence
5. Inadmissible Opinion

6. Insufficient Foundation, Relevancy, Personal Knowledge, Authenticity
7. Unduly Time Consuming, Prejudicial, Confusing or Misleading
8. Subsequent Repair
9. Other (specify)

**Mytee Products, Inc. v. Harris Research, Inc.**
**USDC California, Southern District: 06CV1854 (CAB)**
**PLAINTIFF'S TRIAL EXHIBIT LIST**

| EX NO | DATE IDENTIFIED | DATE IDENTIFIED | DESCRIPTION |
|---|---|---|---|
| 0064 | | | 00/00/1999  Brush Wand with Piccolo and Velda HCU product information<br>[HARRIS0753 - HARRIS0757] |
| 0065 | | | 12/31/1999  Piccolo Royalty to Dan Haynie - Quarter Ended December 31, 1999 re total royalty of $1,345.93<br>[HARRIS0792 - HARRIS0792] |
| 0066 | | | 00/00/0000  Deposition of Dale Jensen, Vols. 1 and 2<br>[ - ] |
| 0067 | | | 00/00/0000  Deposition of Craig Donaldson<br>[ - ] |
| 0068 | | | 00/00/0000  Deposition of Denis Rowan<br>[ - ] |
| 0069 | | | 00/00/0000  Deposition of Jonathan Richards<br>[ - ] |
| 0070 | | | 00/00/0000  Expert Report of Sakaguchi<br>[ - ] |
| 0071 | | | 00/00/0000  Expert Report of Fritz Thompson<br>[ - ] |
| 0072 | | | 00/00/0000  Harris' Response to Mytee's Interrogatories, Set One<br>[ - ] |
| 0073 | | | 00/00/0000  Harris' Response to Mytee's Interrogatories, Set Two and Supplemental Responses to Set One<br>[ - ] |
| 0074 | | | 00/00/0000  Harris' Response to Mytee's Interrogatories, Set Three<br>[ - ] |
| 0075 | | | 00/00/0000  Harris' Response to Mytee's Request for Production, Set One<br>[ - ] |
| 0076 | | | 00/00/0000  Harris' Response to Mytee's Request for Production, Set Two<br>[ - ] |
| | | | |

GROUNDS FOR OBJECTION

1. No Objection; Admissibilty Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence
5. Inadmissible Opinion

6. Insufficient Foundation, Relevancy, Personal Knowledge, Authenticity
7. Unduly Time Consuming, Prejudicial, Confusing or Misleading
8. Subsequent Repair
9. Other (specify)

**Mytee Products, Inc. v. Harris Research, Inc.**
**USDC California, Southern District: 06CV1854 (CAB)**
**PLAINTIFF'S TRIAL EXHIBIT LIST**

| EX NO | DATE IDENTIFIED | DATE IDENTIFIED | DESCRIPTION |
|-------|-----------------|-----------------|-------------|
| 0077 | | | 00/00/0000  Harris' Response to Mytee's Request for Production, Set Three<br>[ - ] |
| 0078 | | | 00/00/0000  Harris' Response to Mytee's Request for Production, Set Four<br>[ - ] |
| 0079 | | | 00/00/0000  Harris' Supplemental Response to Mytee's Request for Production, Set Four<br>[ - ] |
| 0080 | | | 00/00/0000  Harris' Response to Mytee's Request for Production, Set Five<br>[ - ] |
| 0081 | | | 00/00/0000  Harris' Response to Mytee's Request for Production, Set Six<br>[ - ] |
| 0082 | | | 00/00/0000  Photograph of Mytee cleaning tool prototype "Type A"<br>[ - ] |
| 0083 | | | 00/00/0000  Photograph of Mytee cleaning tool prototype "Type B"<br>[ - ] |
| 0084 | | | 00/00/0000  Photograph of Mytee cleaning tool prototype "Type C"<br>[ - ] |
| 0085 | | | 00/00/0000  Photograph of Mytee cleaning tool prototype "Type D"<br>[ - ] |
| 0086 | | | 00/00/0000  Photograph of Mytee cleaning tool prototype "Type E"<br>[ - ] |

GROUNDS FOR OBJECTION

1. No Objection; Admissibilty Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence
5. Inadmissible Opinion

6. Insufficient Foundation, Relevancy, Personal Knowledge, Authenticity
7. Unduly Time Consuming, Prejudicial, Confusing or Misleading
8. Subsequent Repair
9. Other (specify)

1  Anthony J. Dain (Bar No. 98947)
   Frederick K. Taylor (Bar No. 159838)
2  Lisel M. Ferguson (Bar No. 207637)
   PROCOPIO, CORY, HARGREAVES
3      & SAVITCH LLP
   530 B Street, Suite 2100
4  San Diego, California 92101-4469
   Telephone:     (619) 238-1900
5  Facsimile:     (619) 235-0398

6  Attorneys for Plaintiff,
   MYTEE PRODUCTS, INC.
7  a Delaware corporation

8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11  MYTEE PRODUCTS, INC., a California          Case No.  06-CV-1854 L
    corporation,
12                                              **PROOF OF SERVICE**
                    Plaintiff,
13
    v.
14
    HARRIS RESEARCH, INC., a Utah
15  corporation, and DOES 1 through 20,

16                  Defendants.

17  _____

    AND RELATED CROSS ACTIONS
18

19                      **PROOF OF SERVICE**
            I am a resident of the State of California, over the age of eighteen years, and not a party to
20  the within action.  My business address is PROCOPIO, CORY, HARGREAVES & SAVITCH
    LLP, 530 "B" Street, Suite 2100, San Diego, California 92101.  On August 31, 2009, I served the
21  within documents:

22  **MYTEE PRODUCTS INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND
              LAW [Local Rule 16.1 (f)(2) & (3)]**
23

24

25

26

27

28

111989/000002/903230.01

1

2   [X]   I filed the foregoing document(s) with the Clerk of the Court for the U.S. District Court,
         Southern District of California, using the Electronic Case Filing ("ECF") system of the
3        Court.  The attorney(s) listed have consented to receive service by electronic means and
         was served a "Notice of Electronic Filing" sent by the ECF system.

4   [ ]   by placing the document(s) listed above in a sealed envelope with postage thereon fully
         prepaid, in the United States mail at San Diego, California addressed as set forth below.  I
5        am readily familiar with the firm's practice of collection and processing correspondence
         for mailing.  Under that practice it would be deposited with the U.S. Postal Service on the
6        same day with postage thereon fully prepaid in the ordinary course of business.  I am
         aware that on motion of the party served, service is presumed invalid if postal
7        cancellation date or postage meter date is more than one day after date of deposit for
         mailing an affidavit.
8

9        by emailing true and correct copies of the documents to the parties listed below at the
         email addresses listed below.
10
         by transmitting via facsimile number (619) 235-0398 the document(s) listed above to the
11  [ ]   fax number(s) set forth below on this date before 5:00 p.m.  A copy of the transmission
         confirmation report is attached hereto.

12  [ ]   by placing the document(s) listed above in a sealed overnight envelope and depositing it
         for overnight delivery at San Diego, California, addressed as set forth below.  I am
13       readily familiar with the practice of this firm for collection and processing of
         correspondence for processing by overnight mail.   Pursuant to this practice,
14       correspondence would be deposited in the overnight box located at 530 "B" Street, San
         Diego, California 92101 in the ordinary course of business on the date of this declaration.
15
    [ ]   by personally delivering the document(s) listed above to the person(s) at the address(es)
16       set forth below.

17  [ ]   *(State)*  I declare under penalty of perjury under the laws of the State of California that
         the above is true and correct.
18
                              SEE SERVICE LIST ATTACHED
19  [X]   *(Federal)*  I declare that I am employed in the office of a member of the bar of this court
         at whose direction the service was made.
20
    Executed on August 31, 2009, at San Diego, California.
21
                                    /s/ Frederick K. Taylor
22                                  _____
                                    Frederick K. Taylor
23

24

25

26

27

28

-2-

Case No. 06-CV-1854 L

1

SERVICE LIST

2

Stephen H. Smith                          Shaun L. Peck

3

YOKA & SMITH, LLP                         BEARNSON & PECK, L.C.
777 South Figueroa Street #4200           399 North Main Street, Suite 300

4

Los Angeles CA 90017                      Third Floor
Tel.:  213.427.2300                       Logan, UT 84321

5

Fax:  213.427.2330                        Tel.:  435.787.9700
Email:  shsmith@yokasmith.com             Fax: 435.787.2455

6

Email:  speck@bplaw.biz

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

PROOF OF SERVICE

Case No. 06-CV-1854 L